| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| DERRAL WAYNE WHISENHUNT, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:20-CV-296 |
| § | |
| WESTROCK, TEXAS, L.P., *D/B/A* § | |
| *Westrock*, and STEPHEN K. MORGAN, § | |
| § | |
| Defendants. § | |

## AMENDED MEMORANDUM AND ORDER

Pending before the court is Defendant WestRock, Texas, L.P. ("Westrock"), and Stephen K. Morgan's ("Morgan") (collectively, "Defendants") Motion for Summary Judgment (#29) as to Plaintiff Derral Wayne Whisenhunt's ("Whisenhunt") claims. Whisenhunt filed a response in opposition to the motion (#30). Having considered Defendants' motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be granted.

I.   Background

At the time of the event giving rise to these proceedings, Whisenhunt worked as a truck driver for Vegas Logging, delivering logs to WestRock's facility, a paper mill in Evadale, Texas ("Evadale paper mill"), as part of his employment. According to his deposition testimony, Whisenhunt had delivered logs to the Evadale paper mill for about nineteen years, entering the mill approximately four days per week, often on multiple occasions. According to the evidence, when delivering logs at the Evadale paper mill, truck drivers are expected to assist with unloading the logs from their trucks. After the truck driver parks his vehicle in the proper location, near the

"stacker"—a large vehicle which is used to unload stacks of logs—he exits his vehicle and removes the chains from the load of logs. Then, the truck driver stands in front of his truck where he can maintain eye contact with the stacker operator, and helps guide the stacker into position. On February 13, 2019, Whisenhunt arrived at the Everdale paper mill to deliver a truckload of logs. After driving his truck through the wood yard to the unloading area, parking, and exiting his vehicle, Whisenhunt acted as a "spotter" for Brian Cravy ("Cravy"), the stacker operator. After guiding Cravy into position to pick up the logs with the stacker equipment, Whisenhunt walked backwards and tripped over a stray log that was already in the yard. Cravy had not yet picked up the logs on Whisenhunt's truck when he witnessed Whisenhunt fall. Whisenhunt seeks recovery for alleged physical, mental, and economic damages resulting from the incident.

Whisenhunt filed suit against the Defendants[1] in the 1st Judicial District Court of Jasper County, Texas. WestRock effected a "snap removal" of the case on July 8, 2022.[2]

---

[1] Aside from alleging that Morgan is a citizen of Jasper County, Texas, and providing his address, Whisenhunt's Petition does not explain who Morgan is, what he does for a living, where he works, or what he did or failed to do in connection with the events at issue in this lawsuit. In his response to Defendants' Motion to Transfer Case, Whisenhunt identifies Morgan as the mill's general manager. In his response to Defendants' Motion for Summary Judgment, Whisenhunt does not mention Morgan by name or title nor does he assert, much less demonstrate, that Morgan played any role in the events giving rise to this lawsuit, suggesting that he was fraudulently joined.

[2] Snap removal is a process where a defendant removes a case to federal court based on diversity jurisdiction before an additional defendant who would destroy complete diversity is properly served. *See Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n,* 955 F.3d 482, 485 (5th Cir. 2020). The Fifth Circuit has held that snap removal by a diverse defendant is appropriate, even if complete diversity is destroyed, whenever any codefendants who are citizens of the forum state have not been properly joined and served. *Id*.

II.    Analysis

    A.    Summary Judgment Standard

A party may move for summary judgment without regard to whether the movant is a claimant or a defending party. *See Union Pac. R.R. Co. v. Palestine*, 41 F.4th 696, 703 (5th Cir. 2022); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 380 (5th Cir. 2019); *Apache Corp. v. W&T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir. 2010). Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Union Pac. R.R. Co.*, 41 F.4th at 703; *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 9 F.4th 328, 331 (5th Cir. 2021); *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020); *Parrish*, 917 F.3d at 378; *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644 (5th Cir. 2021); *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 417 (5th Cir. 2021); *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019). To warrant judgment in its favor, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (quoting *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017)); *accord*

*Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011), *cert. denied*, 568 U.S. 1194 (2013). At the summary judgment stage, the defendant "bears the burden of proving each element of each affirmative defense by a preponderance of the evidence." *Petro Harvester Operating Co., L.L.C. v. Keith*, 954 F.3d 686, 697 (5th Cir. 2020) (citing *Celotex Corp.*, 477 U.S. at 322-23); *cf. In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 994 F.3d 704, 710, (5th Cir. 2021).

"A fact issue is material if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)), *cert. denied*, 578 U.S. 945 (2016); *see MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp.*, 7 F.4th 315, 321 (5th Cir. 2021); *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020). "Factual disputes that are irrelevant or unnecessary will not be counted." *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *accord Valencia v. Davis*, 836 F. App'x 292, 296 (5th Cir. 2020); *see Dyer*, 964 F.3d at 379; *Parrish*, 917 F.3d at 378. "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Gerhart v. Barnes,* 724 F. App'x 316, 321 (5th Cir. 2018) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)), *cert. denied*, 139 S. Ct. 1239 (2019); *accord Hudspeth v. City of Shreveport*, 270 F. App'x 332, 334 (5th Cir. 2008); *see Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). Thus, a genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren*, 820 F.3d at 771; *accord MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Sanchez Oil & Gas Corp. v. Crescent*

4

*Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021); *Dyer*, 964 F.3d at 379; *Tiblier*, 743 F.3d at 1007.  The moving party, however, "need not negate the elements of the nonmovants' case." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014); *see Savoy v. Kroger Co.*, 848 F. App'x 158, 160 (5th Cir. 2021); *Stout v. Vincent*, 717 F. App'x 468, 470 (5th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 323).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial.  *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Clark v. CertainTeed Salaried Pension Plan*, 860 F. App'x 337, 340-41 (5th Cir. 2021); *Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 410 (5th Cir. 2020); *Smith*, 956 F.3d at 316 (quoting *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 68 (5th Cir. 2014)); *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 356 (5th Cir. 2019).  The court "should review the record as a whole." *Black v. Pan Am. Labs., LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018); *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014).  All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility.  *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021); *Lyons*, 964 F.3d at 302; *Nall*, 917 F.3d at 340.  The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all

reasonable doubts resolved in his favor. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (citing *Anderson*, 477 U.S. at 255); *Seigler*, 30 F.4th at 476; *Batyukova*, 994 F.3d at 724; *Lyons*, 964 F.3d at 302; *Hassen*, 932 F.3d at 355.

Furthermore, the court's obligation to draw reasonable inferences "does not extend so far as to allow a wholly 'unreasonable inference' or one which amounts to 'mere speculation and conjecture.'" *Mack v. Newton*, 737 F.2d 1343, 1351 (5th Cir. 1984) ("[A]n inference would be unreasonable if it would allow a jury to rest its verdict on mere speculation and conjecture." (quoting *Bridges v. Groendyke Transp., Inc.*, 553 F.2d 877, 879 (5th Cir. 1977))); *accord McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 432 (5th Cir. 2020); *Batyukova*, 994 F.3d at 724 ("'Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation' will not survive summary judgment." (quoting *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016))); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 528 (5th Cir. 1999) ("If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468-69 (1992)); *Mills v. Warner-Lambert Co.*, 581 F. Supp. 2d 772, 779 (E.D. Tex. 2008) ("[O]nly reasonable inferences in favor of the nonmoving party can be drawn from the evidence." (citing *Eastman Kodak Co.*, 504 U.S. at 469 n.14))). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill*, 805 F.3d at 538 (citing *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)); *accord Allaudin v. Perry's Rests., Ltd.*, 805 F. App'x 297, 299 (5th Cir. 2020); *Acadian Diagnostic Labs., L.L.C.*, 965 F.3d at 410 (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)); *see Lujan*

*v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Heath v. Elaasar*, 763 F. App'x 351, 354 (5th Cir. 2019).

"Further, although courts view evidence in the light most favorable to the nonmoving party, they give greater weight, even at the summary judgment stage, to the facts evidenced from video recordings taken at the scene." *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016) (citing *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)); *accord Valderas v. Lubbock*, 937 F.3d 384, 388 (5th Cir.), *cert. denied*, 140 S. Ct. 454 (2019). "When opposing parties tell two different stories, one of which is blatantly contradicted by video evidence, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Valderas*, 937 F.3d at 388-89 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Nevertheless, when, despite the events in question being captured on videotape, the events at issue remain unclear, the court must view the evidence in the light most favorable to the nonmovant. *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013) ("The video does not blatantly contradict Ramirez's version of the facts; accordingly, we view the evidence in the light most favorable to Ramirez."); *see Ross v. Burlington N. & Santa Fe Ry. Co.*, 528 F. App'x 960, 964 (10th Cir. 2013) ("When parties present conflicting evidence at the summary judgment stage, a court may rely on video footage to grant summary judgment if the recording utterly discredits the opposing party's version of the facts.").

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *Lyons*,

964 F.3d at 302; *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 560 (5th Cir. 2019); *Tiblier*, 743 F.3d at 1007.

### B. Premises Liability

#### 1. Conditions on Premises

Although federal procedural rules govern summary judgment, the underlying claim in a federal case based on diversity jurisdiction is governed by state substantive law. *See Cimarex Energy Co. v. CP Well Testing, L.L.C.*, 26 F.4th 683, 687 (5th Cir. 2022) (citing *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996)); *Granados v. Wal-Mart Stores, Inc.*, 653 F. App'x 366, 367 (5th Cir. 2016). Under Texas law, owners and occupiers of land can be held liable for both negligent activities and conditions on their premises. *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014), *certified question answered*, 465 S.W.3d 193 (Tex. 2015); *accord United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017); *Sampson v. Univ. of Tex.*, 500 S.W.3d 380, 388 (Tex. 2016); *see AEP Tex. Cent. Co. v. Arredondo*, 612 S.W.3d 289, 293 (Tex. 2020) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). As the Texas Supreme Court has explained:

> [A] person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply.

*United Scaffolding, Inc.*, 537 S.W.3d at 471 (quoting *Occidental Chem. Corp.*, 478 S.W.3d at 644; *accord Austin*, 465 S.W.3d at 216 ("[W]hen a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability."). "[N]egligent activity encompasses a malfeasance theory based on

affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc.*, 307 S.W.3d at 776. "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *accord Austin*, 746 F.3d at 196; *United Scaffolding, Inc.*, 537 S.W.3d at 471; *Sampson*, 500 S.W.3d at 388. Conversely, where the injury is caused by a condition created by the activity, a plaintiff is limited to a premises defect theory of liability. *Sampson*, 500 S.W.3d at 388.

The liability of an owner or occupier of land for injuries resulting from a dangerous condition on the premises depends on the scope of the owner's duty of care toward the plaintiff as well as a determination that the duty was breached. *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020); *Wilson v. Nw. Tex. Healthcare Sys., Inc.*, 576 S.W.3d 844, 849 (Tex. App.—Amarillo 2019, no pet.). The relationship between the plaintiff and the landowner is a material factor in determining the degree of care that is required. *Cath. Diocese of El Paso v. Porter*, 622 S.W.3d 824, 829 (Tex. 2021); *Hillis*, 602 S.W.3d at 440; *Wilson*, 576 S.W.3d at 849. The required degree of care varies depending upon the legal status of the plaintiff—whether he was an invitee, a licensee, or a trespasser on the premises. *Cath. Diocese of El Paso*, 622 S.W.3d at 829; *Hillis*, 602 S.W.3d at 440; *Wilson*, 576 S.W.3d at 849.

2.  Duty to Invitee

The owner or operator of property owes the highest degree of care to an invitee. *Nieman v. City of Dallas*, 3:14-CV-3897-M BF, 2015 WL 4997750, at *4 (N.D. Tex. Aug. 19, 2015);

*Garcia v. Wal-Mart Stores Tex., L.L.C.*, No. CIV. A. M-12-110, 2012 WL 6691131, at *4 (S.D. Tex. Dec. 21, 2012) (citing *Knorpp v. Hale*, 981 S.W.2d 469, 471 (Tex. App.—Texarkana 1998, no pet.)); *Cath. Diocese of El Paso*, 622 S.W.3d at 829. "An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both." *Cath. Diocese of El Paso*, 622 S.W.3d at 829 (quoting *Austin*, 465 S.W.3d at 202); *accord Nieman*, 2015 WL 4997750, at *4; *Daniels v. Allsup's Convenience Stores, Inc.*, 604 S.W.3d 461, 466 (Tex. App.—Amarillo 2020, pet. denied). In the instant case, the parties do not dispute that Whisenhunt qualifies as an invitee for purposes of a premises liability claim.

"Under Texas law, '[g]enerally, premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them.'" *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014)); *accord Cath. Diocese of El Paso*, 622 S.W.3d at 829; *Hillis*, 602 S.W.3d at 440; *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). A landowner owes an invitee a duty to exercise ordinary care to protect the invitee not only from those risks of which the owner is actually aware, but also those risks which the owner should discover after reasonable inspection. *Cath. Diocese of El Paso*, 622 S.W.3d at 829 (quoting *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010)); *Henkel*, 441 S.W.3d at 251; *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 16 (Tex. 2014). Nevertheless, "[t]here is no duty to warn when the risks are matters 'within the ordinary knowledge common to the community.'" *Hirabayashi v. N. Main Bar-B-Q, Inc.*, 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, pet. denied) (quoting *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 388 (Tex. 1991));

10

*see Hillis*, 602 S.W.3d at 440 (holding that "the duty does not extend to warning the invitee of hazards that are open and obvious"); *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211 (Tex. 2008) (premises owner owes no duty to warn an independent contractor's employees of an open and obvious danger). Stated differently, "in most circumstances, a landowner who provides an adequate warning acts reasonably as a matter of law, and since there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Austin*, 465 S.W.3d at 204; *accord SandRidge Energy, Inc. v. Barfield*, 642 S.W.3d 560, 567 (Tex. 2022) ("[I]f a warning would not improve upon an invitee's knowledge of the danger, then the law does not require a landowner to deliver one.").

### 3. Necessary-Use Exception

The necessary-use exception, however, applies "when, despite an awareness of the risks, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Austin*, 465 S.W.3d at 208; *accord SandRidge Energy, Inc.*, 642 S.W.3d at 568; *see Bisacca v. Pilot Travel Ctrs., LLC*, 476 F. Supp. 3d 429, 436 (N.D. Tex. 2020). "The necessary-use exception holds, in effect, that in some unreasonably dangerous situations, no warning can be adequate." *SandRidge Energy, Inc.*, 642 S.W.3d at 568.

In *Parker v. Highland Park, Inc.*, the Texas Supreme Court clarified how the necessary-use doctrine functions in Texas. 565 S.W.2d 512 (Tex. 1978). In that case, the evidence revealed that uneven stairways and dim lighting led to the only exit to the plaintiff's apartment. *Id.* at 514. The Court held that the necessary-use doctrine applied even though these defects were open and

obvious because the plaintiff could not leave her apartment without traversing through the dangerous premises. *Id*. at 520-21.

In contrast, in *SandRidge Energy, Inc.*, the Texas Supreme Court held that the necessary-use exception was inapplicable. 642 S.W.3d at 560. In *SandRidge Energy Inc.*, the plaintiff was employed as a power lineman, responsible for adding neutral lines to existing poles carrying energized overhead lines. *Id*. at 564. The plaintiff's work brought him within about four feet of energized lines. *Id*. After six months to a year of performing this work, the plaintiff encountered a stuck hot tap and sustained an electrical shock while attempting to loosen it. *Id*. The Court held that the hazard was open and obvious because the plaintiff understood and appreciated the danger associated with the energized lines and a warning from the defendant would not improve the plaintiff's knowledge of such. *Id*. at 567-68. The Court further held the necessary-use exception did not apply. *Id*. at 569. The Court stated that the defendant "could expect that [the plaintiff's employer] would take the energized lines into account in instructing and equipping the plaintiff to avoid the risk," noting that the plaintiff worked near the energized supply line for at least six months prior to his injury; had disconnected hot taps "hundreds of times"; and had been provided equipment that was specialized for use on energized lines. *Id*.

### 4. Incident at Issue

In the instant case, it is undisputed that Whisenhunt was an invitee of WestRock at the time of the alleged incident. Defendants assert that the log over which Whisenhunt tripped in the wood yard was open and obvious and, thus, they had no duty to protect or warn Whisenhunt of the potential danger. Whisenhunt claims that the log was not open and obvious, and, even if it was, then the necessary-use doctrine applies.

Here, the log was plainly "open and obvious." Video evidence from Whisenhunt's dash camera mounted in his truck documents his path through the Evadale paper mill to the unloading location. The video shows the wood yard littered with stray logs and debris of various dimensions. Whisenhunt "meander[ed] [his] vehicle in between the stacks of logs and the logs on the ground" and parked his truck "right next to" the log over which he tripped. As shown in the video, the log is sizable and is clearly visible, unobstructed, and in broad daylight, located directly by the front left side of Whisenhunt's truck near the driver's side door. Whisenhunt delivered logs to the Evadale paper mill multiple time per week over the course of nineteen years and, according to his testimony, he understood that he had to be aware of logs on the ground and that they could present a tripping hazard. A landowner has no duty to warn about risks of which an invitee is well aware.³ *E.g., Hillis*, 602 S.W.3d at 440; *Austin*, 465 S.W.3d at 204.

Whisenhunt claims that he was required to maintain eye contact with the stacker operator during the unloading process, which made it necessary for him to walk backward though the wood yard, despite the recognized hazards strewn about the ground. As a consequence, Whisenhunt contends that the necessary-use exception applies because he was unable to avoid the risk. Whisenhunt, however, has failed to show that Defendants should have anticipated that Whisenhunt was "unable to take measures to avoid the risk." *Austin*, 465 S.W.3d at 208; *see Bisacca*, 476 F. Supp. 3d at 437 (holding that the necessary-use exception did not apply when a second, less convenient entrance to the store was available to the plaintiff). Although Whisenhunt testified that

---

³ "Requiring a landowner to warn about risks the invitee is well aware, and perhaps more aware of by virtue of his or her expertise, hits the absurd or nonsensical button . . . ." *SandRidge Energy, Inc.*, 642 S.W.3d at 565, n.14 (quoting *Barfield v. SandRidge Energy, Inc.*, 630 S.W.3d 109, 133 (Tex. App.—El Paso 2020) (Alley, J., dissenting)).

13

he was required to maintain eye contact with the stacker operator, Whisenhunt could have perused the area where he would have to walk when he exited the truck, checked behind him before walking backward, occasionally watched his walking path so that he did not trip, and chosen a path that circumvented the log. Whisenhunt conceded at deposition that in order to maintain his safety in the wood yard, he was responsible for paying attention to where he walked. Therefore, Whisenhunt was able to take steps to avoid the risk of tripping. In fact, Whisenhunt delivered logs to Evadale paper mill for nineteen years without injury. Hence, Whisenhunt has not shown that Defendants should have anticipated that he was unable to take measures to avoid the risk of tripping over a log in the wood yard. Accordingly, the necessary-use exception does not apply.

The evidence conclusively establishes that Whisenhunt was fully aware of the potential tripping hazard presented by the logs in the wood yard, such as the one that caused his alleged injuries. Texas law does not require Defendants to have warned Whisenhunt of a danger he understood and appreciated. Therefore, Defendants cannot be faulted for failing to warn Whisenhunt of an open and obvious hazard on its premises.

III. Conclusion

In accordance with the foregoing analysis, Defendants' motion for summary judgment is GRANTED. Defendants are entitled to judgment as a matter of law on Whisenhunt's premises liability and common law negligence claims. A final judgment shall be entered separately.

SIGNED at Beaumont, Texas, this 16th day of September, 2022.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE